*286 Opinion of the Court,
bit Judge Mills.
THIS is an indictment for obstructing a road. It was proved, on behalf of the commonwealth, that the-road had been opened by order of court, between twen- ^ dve and thirty years ago, and had continued on the ground where it was opened by the first supervisor, and had been kept in repair by a succession of supervisors, appointed by the -county court, until some time before this indictment was filed, the defendant fenced across it, and moved the road some distance 0n his line, and his fence yet remained1 It was admit-by the parties, that the records and orders in which said road was established, had been destroyed, when the office of the Fayette county court was consumed by ®re' The defendant below then introduced witnesses, who proved that the view reported to the court, when the road was established,' and the order establishing it, ®xe<^ roa(l touching the line, but so that no part of it was to run on the land now held by the defendant, but lying altogether on the adjoining survey; and that when °Pene(i’ ^ was placed on his side of the line and wholly uP°n his land, after the true position of the line was ascertained; and that in the change he had made; he had no(; m0yed it altogether from his land, but had still left, ^a^ ^ie roa<^ on own side; and that the person who then held the same tract of land, was not summoned *287 "when the road was established, aad was not made party to the record.
Lapse of timeF3^ authorpresume1 that-a road was established 0n, without the pfoduc°fth-e or-
The counsel for the state moved the court to instruct 4he jury, that, as the records were burnt, and the road had been opened, used and worked upon, as a public ■highway, for such a length of time, and acquiesced in by the owners of the land, all the proof of the defendant, tending to show that the road was not opened.and used • , ^ . v. - . . where the order had fixed it, should be disregarded and excluded, and that lapse of time was a complete bar to the right of obstructing said road; and secondly, that inasmtich as the road was proved to have run alternately on different sides of the line of the military surveys, before and after it passed the lands of thé defendant, if the evidence was admissible, although the road run on the defendant’s side, and not on the opposite side of the line, yet that was not such a deviation as ought to be regarded as a material departure from the order °f court, or as would" justify the defendant in obstructing it. The court refused these instructions, and on the application of the defendant below, instructed the jury, that if they found from the evidence, that the road was established to run on the adjoining survey, and not on the land held by the defendant, and that the then owner of the land was not summoned or before the county court at the time, then the defendant was not guilty, and that the lapse of time was no- bar.
■ The jury found for the defendant, and the commonwealth, has appealed. •
We perceive no error in the court’s refusing to instruct the jury as prayed by the attorney for the commonwealth. If an order of court points out explicitly the ground on which a highway is established, the road is confined to that ground, and the order confers no authority upon the supervisor, to place it on any other groupd. It is true, it may be presumed that the ground on which it is actually opened, is the ground on which the order had placed it, and in this respect, the supervisor may be presumed to have done his duty; but if the order, when produced, shall prove the ground to be different, the presumption is overturned and the order is conclusive. The long use of, acquiescence in, and support of the road, under the orders of the county court, furnish additional and strong evidence, that the road was rightfully opened ; but still, these circum *288 stances do not amount to conclusive evidence of the ^ac^> anc® no ^ess w01^ have authorized the court to have excluded the evidence of the defendant. As the order was burnt, the defendant was rightfully permitted to resort to the next best evidence in his power, to ascertain its contents, and show that the road was opened on ground not embraced by the order. Whether he was or was not successful in this, was properly left with the jury, it cannot amount to a nuisance, to obstruct a highway, which the supervisor has placed on land without the proper authority. If the owner lets it remain, and future supervisors continue it in repair until a length of. time has passed away, it furnishes only persuasive and strong evidence, that the road was originally right, and only places a greater burden of proof on him who obstructs it; but does not prevent his offering such proof. We would not be understood to say, that no lapse of time, however great, would conclude this question. And if lapse of time can do it, we need not now determine how long; for if it be a bar, we have no hesitation in saying, that it must be extended beyond the period proved in this case, which is not equal to what the ancient authorities have required in similar cases.
If the court was correct in l’efusing to decide as asked by the counsel for the State, it clearly follows, that it was equally correct in giving the instruction prayed by the defendant below. We would not, however, be understood as asserting, that the circumstance of the owner of the land not having been summoned, as seems to have been intimated by the court below, made any difference in the law of the case. We are not disposed to admit, that the want of such summons to him, would have made the establishment void as to him, upon his land, or that it would have authorized him to have obstructed the road in that event; but this circumstance in this instruction, we deem immaterial. If the road was not upon its established ground, it was clear, that the defendant had a right to move it to tiie right place, whether he, or those under whom he held, had been summoned or not. This addition to the instruction is, therefore, immaterial.
The judgment below is affirmed.