Judge Graham
delivered the opinion of the Court.
This action of trespass was instituted by Elliott to recover of Treadway damages for removing a fence and gate upon his land, and for entering upon his premises. Plea, not guilty, with leave to give in evidence the establishment of a public road or private passway on the land where the supposed trespasses were committed, so far as such evidence may be material. The Clerk states that this plea and leave were filed in open Court, on the 10th September, 1849, and placed on the minute book, but was omitted, by mistake, to be noted upon the order book. On the same day, a jury were *23 sworn to try the issue joined. The evidence introduced by the parties establishes the following facts: The road alluded to, has been used by the public as a public highway for more than twenty five years, some of the witnesses say for thirty years. It run from the road leading down the creek Lulbegrud, by the mill occupied by the defendant, to Mt. Nebo meeting house. The Clerk has been unable to find any order of the County Court, establishing the road. At February term, 1834, the Court, regarding it as a public road, appointed Robert Daniel overseer of it, and allotted hands to work it. Orders appointing overseers, were made from time to time, the last one, shown in proof, being dated April, 1842. At January term, 1845, an order, omthe motion of W. Shoush, was made discontinuing it as a public road, and establishing a private passway over the same ground. The order states, that notice had been given according to law, of the intended application. It was “further ordered, that if the persons over whose land the road passes shall apply, at the next Court, to have the order set aside, the question of the propriety of discontinuing the road shall be tried as if this order had not been made.” The road, or Jane, continued open until June, 1849, when the plaintiff, who owned the land on both-sides of it, and-had a fence on each side, removed the rails,-and with them built one fence, in the centre of the lane. He put a fence across the passway next to the mill, and, a gate and fence a cross the pass-way next to the road, thus closing the road or passway at both ends. After this fence was made, the defendant peaceably removed the fence from the middle of the passway, and across it, and made another fence oh one side of the passway, thus exposing the plaintiff’s clover field. It was proved by one witness, that Esquire Wells had the road opened over thirty years since, and told witness the people in the neighborhood thought he had an order for opening it, and he held out that idea so as to get them to work in opening it. Some years since, the location of the road was slightly changed by the erection of a bridge.
No road can be discontinued 01 changed unless a majority of all the Justices of the Peace be present, and a majority of that majority concur. (2 Dig. 1409.) Where the minute book shows that a plea was filed and issue joined, and the jury be sworn to try the issue, though it be not noticed upon the order book, no objection can be taken after yer-dict.
The jury having found a verdict for the defendant, the plaintiff moved the Court for a new trial, on the alleged grounds of improper finding by the jury, and of improper instructions by the Court. Plis motion being overruled, he has brought the case to this Court, and now assigns various errors.
•The main question of law involved in this controversy is one of considerable interest. Before advej’ting to it, it is necessary to dispose of the fact, that at the instance of Shoush, the County Court had made an order discontinuing the road as a public road, and establishing it as a private passway.
The statute is imperative that no road shall be discontinued unless there are a majority of all the Justices in said county present: (2 Dig., 1403.) No public road shall be changed unless a majority of all the Justices of the Peace in commission, in the county where the road is to be changed, shall sit and compose the Court, and a majority of that majority must concur in the change: (2 Dig., 1409.) It does not appear that there was present a- majority of the Justices of the county, when this order was made. To give validity to the order, it must be shown that the Court was so constituted. That order is, therefore, regarded as void, and not entitled to any consideration.
It is also assigned for error, that the plea wasnot noted on the order book, and, therefore, the jury ought to have been sworn to inquire of damages, and not, as they were, to try the issue.
The jury were sworn to try the issue; the trial was had upon the merits of the case ; a plea is certified by the Clerk as having been actually filed, in open Court, and noted on the minute book; and during the whole trial proceedings were had by each party, as though such plea, with leave to give particular matter in evidence, was on file. We think such an objection ought not to be sustained, after verdict and judgment on the merits. This opinion, we believe, is sustained by former adjudications of this Court: (1 J. J. Mar., 591; Pr. Dec., 225 ; 4 B. Monroe, 200.)
*25 This brings us to the most important question in the case. Is this road, or passway, one of a character to justify or excuse the defendant for removing the obstructions in it ? This question has not been, as we believe, definitely settled by this Court, heretofore. The case of the Commonwealth vs Logan, (5 Lit. 286) was, that the County Court had directed to be opened a road adjoining the land of Logan. The road was in fact opened, not as directed by the order, but on the land of Logan; and had been continued between twenty five and thirty years, on the same ground where it was opened by the first supervisors. It had been used and worked upon as a public highway for that length of time. Logan, the owner of the soil, fenced across it. The Court decided that Logan was not liable, and that placing the obstruction upon it did not amount to a nuisance, for which he was indictable. When no order has been produced establishing the road, and when, upon diligent search, none can be found, shall it be presumed, after the lapse of thirty years, accompanied with continued use of the road as a public highway, that it was established by law ? And if such presumption cannot prevail, we then have the further question, whether the owner of'the soil, in this case, shall, by his own conduct, be presumed to have dedicated it to public use, and thereby precluded himself from a right to maintain this action against the defendant? In the case of the Commonwealth vs Abney, (4 Mon., 479,) the Court say, “Whenever the Commonwealth, by her officers appointed for that purpose, have exercised jurisdiction over a road, by appointing overseers, opening, working and repairing it, and the public have been suffered to use it as a highway, the evidence of such jurisdiction and locality and use is prima facie evidence for the Commonwealth; and the burthen must lie on the obstructor of such a road, to show the illegality or impropriety of such jurisdiction.” That no order of Court has ever been made, laying out or establishing a road, or that a road long used by the public, has never been by the public authorities, lawfully appropriated to public *26 use, can, generally, only be proved by negative testimony. Such testimony has been, in this case, given by the keeper of the records. The Clerk has stated that he has made diligent search and cannot find any order establishing the road. By the want of indexes or alphabets to the County Court records, it is often difficult to find an order which may have been made'many years since. It is often necessary to read carefully page after page, and order after order, to find the desired object of record. For these reason, the evidence of the Clerk ought not, perhaps, to be regarded as conclusive of the question at issue. Nevertheless, it very strongly conduces to the belief, that no such order ever was made, and with other evidence in this cause, leads us to the conclusion, that the passway or road involved in this issue never was established as such by the public authorities.
Where a public highway had been opened and recognized by the public and county authorities as such for 25or 30 years, with the knowledge of the owner of the land, held that it was not a trespass to remove peaceably an obstruction placed in it by the owner of the land— his acquiescence is evidence of a dedication of the ground to public use.
Do the facts proved in this case authorise the presumption of dedication to the public use by the owners of the soil? It is said that a long user of a way without any obstacle, at a time when the owner of the soil is in possession, and cognizant of the user, will afford the strongest presumption of a dedication : (Woolrich on Ways, 10.) When a passage leading from one to another part of a street, (although by a most circuitous route,) had been open to the public for several years, without either a bar or chain across it, or any mark denoting private property, and had been lighted by the city of London for a considerable time, it was decided that this was a public road : (ibid, 12.) A dedication of a right of way to the public is presumed, when the owner of the soil throws open a a passage, and neither marks, by any visible distinction, that he means to preserve all his rights over it, nor excludes persons from passing along it by positive prohibition : (Phillips’’ Ev. 196.) Where a street was widened from forty to sixty feet, and accordingly used by the public for nineteen years, although no legal measures had been taken to divest the title of the owner, it was held that the non-claim of the owner for such length *27 of time, connected with his acts, such as the payment of an assessment for paving the street the full width, and the recognition of the appropriation of the twenty feet, were sufficient to establish the right of the public to the use of the street to the full width of sixty feet, and that he could not maintain an action of trespass against one who removed a fence erected by the plaintiff on this twenty feet: Denning vs Roome, (6 Wendell, 651.) Such are the authorities on this subject. Many others might be quoted, but it is unnecessary to do so.
Apperson for plaintiff; Farrow for defendant.
Where the owner of the soil merely permits the public to travel uninterruptedly over or upon his land, we would not be understood as saying that such permission, continued for any number of years, would preclude him from enclosing the land and excluding the travel; but where, as in this case, the road is a lane between two fences, where it has, without question, been used as a public highway for twenty five years, at least, been universally recognized as such by all in the neighborhood of the road; where the owner, as is proved in this case, has so recognized it, and at one time attempted to procure an order to discontinue it; where for a period of fifteen years past, the County Court have, from time to time, appointed overseers of it as a public highway, and hands have.been allotted and worked it as such, and all this with the knowledge of the owner of the fee, and without objection on his part; we think he ought not now to be permitted to sue as a trespasser upon his possession, one whojreaceably removes obstructions from the way. And as the action of the Circuit Court was substantially in accordance with this opinion, the judgment is therefore affirmed.